PER CURIAM.
Affirmed. Appellant claims that her guilty plea to an aggravated assault charge was entered involuntarily because she did not know that a conviction would automatically lead to deportation, as the law at the time of her guilty plea only exposed her to the possibility of deportation.[1]
Florida Rule of Criminal Procedure 3.172(c)(8) requires a trial judge to instruct all defendants about the possible immigration consequences of their conviction before they plead guilty.
The record reflects that the trial judge adequately apprised Appellant of the possible immigration consequences of her plea by warning her that the plea may affect her immigration status and that the court was not involved in such a decision, but rather this issue was decided by the Department of Immigration. The court added: “If for any reason they decided to deport you or do something differently to you because of this plea, I will not allow you to come back in and set this plea aside. Do you understand that?”
Appellant indicated that she understood. The plea colloquy reflected in the record satisfies the requirements of rule 3.172(c)(8).
STONE, C.J., and GROSS and TAYLOR, JJ., concur.

. New laws such as the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 and the Anti-Terrorism and Effective Death Penalty Act of 1996 subject non-citizens to automatic deportation if they have an aggravated felony conviction, even where such conviction pre-dates the effective dates of the acts (as is the case here).